**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHRISTOPHE STERCKX, Individually and on behalf of all others similarly situated, | Case No. 1:20-cv-01677 |
| Plaintiff, | CLASS ACTION |
| v. | |
| LUCKIN COFFEE INC., JENNY ZHIYA QIUAN, REINOUT HENDRIK SCHAKEL, CHARLES ZHENGYAO LU, JIAN LIU, JINYI GUO, HUI LI, ERHAI LIU, CREDIT SUISSE SECURITIES (USA) LLC, MORGAN STANLEY & CO. LLC, CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, KEYBANC CAPITAL MARKETS INC., and NEEDHAM & COMPANY, LLC, | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF WEI ZUO'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPOINTMENT OF LEAD COUNSEL**

## INTRODUCTION

Before this Court is a securities class action brought on behalf of purchasers of Luckin Coffee Inc. ("Luckin" or the "Company") common stock between November 13, 2019 and April 6, 2020,[1] inclusive (the "Class Period"), which alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§ 78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Wei Zuo ("Proposed Lead Plaintiff") hereby moves this Court for an order: (i) appointing Mr. Zuo as Lead Plaintiff; (ii) approving his selection of Block & Leviton LLP to serve as Lead Counsel; and (iii) consolidating the other securities fraud class action lawsuit against Luckin Coffee Inc. filed in this district under the above-captioned docket.

This motion is made on the grounds that Mr. Zuo is the most adequate plaintiff as defined by the PSLRA because he believes he possesses the largest financial interest in the relief sought by the class, having lost approximately $1,282,689.08 on his purchases of Luckin shares. Proposed Lead Plaintiff's claims are also typical of the claims of the putative class, and Proposed Lead

---

[1] The first-filed securities fraud class action filed against Luckin was filed on February 13, 2020, in the U.S. District Court for the Southern District of New York. *Cohen v. Luckin Coffee Inc.*, No. 1:20-cv-01293 (S.D.N.Y.), which suit ends the Class Period on January 31, 2020. *Id.* at ECF No. 1 (the "First SDNY Complaint"). The above-captioned lawsuit was filed on April 2, 2020, and ended the Class Period on April 2, 2020. *See* ECF No. 1 (the "First EDNY Complaint"). PSLRA notices have been issued advising class members that the class period now ends April 2, 2020. A third securities class action was filed against Luckin in this Court on April 8, 2020. *Gopu v. Luckin Coffee Inc.*, No. 1:20-cv-01747-EK, ECF No. 1 (E.D.N.Y.), which ends the class period on April 6, 2020. On April 10, 2020, a fourth lawsuit was filed. *Shek v. Luckin Coffee Inc.*, No. 1:20-cv-02977 (S.D.N.Y.), which purports to end the Class Period on January 31, 2020. The above-captioned lawsuit, as well as the *Gopu* and *Shek* actions, also assert claims under the Securities Act of 1933, pursuant to Luckin's May 17, 2019 and January 10, 2020 public offerings.

Mr. Zuo is also filing copies of these papers in the S.D.N.Y. actions.

Plaintiff will fairly and adequately represent the interests of the class. He is, therefore, the presumptive Lead Plaintiff.

Accordingly, the Court should appoint Mr. Zuo as Lead Plaintiff, and approve Block & Leviton as Lead Counsel.

## FACTUAL BACKGROUND

Luckin engages in the retail sale of freshly brewed drinks and pre-made food and beverage items in China. During the Class Period, and unbeknownst to investors, Defendants misled investors through SEC filings because millions of dollars of the Company's sales were fabricated. First SDNY Complaint, at ¶¶2-4.

On January 31, 2020, Muddy Waters Research published an anonymous report alleging that Luckin had fabricated certain of the Company's financial performance metrics, beginning in the third quarter of 2019.  On this news, Luckin's American depositary shares ("ADS") fell $3.91 per share, or 10.74%, to close at $32.49.  *Id.* at ¶¶4-5.  Although the Company initially denied all of the claims presented in the Muddy Waters Research report, *id.* at ¶6, on April 2, 2020, Luckin disclosed that an internal investigation had found that millions of dollars in sales had been fabricated.  *See* First EDNY Complaint, at ¶65.

Luckin established a special committee of its Board of Directors to investigate its accounting. In its press release dated April 2, 2020, the Company stated that "the Special Committee today brought to the attention of the Board information indicating that, beginning in the second quarter of 2019, Mr. Jian Liu, the chief operating officer and a director of the Company, and several employees reporting to him, had engaged in certain misconduct, including fabricating certain transactions. The Special Committee recommended certain interim remedial measures, including the suspension of Mr. Jian Liu and such employees implicated in the misconduct and the suspension and termination of contracts and dealings with the parties involved in the identified

fabricated transactions. The Board accepted the Special Committee's recommendations and implemented them with respect to the currently identified individuals and parties involved in the fabricated transactions." *Id.* The press release continued that "the information identified at this preliminary stage of the Internal Investigation indicates that the aggregate sales amount associated with the fabricated transactions from the second quarter of 2019 to the fourth quarter of 2019 amount to around RMB 2.2 billion [approximately $310 million]. Certain costs and expenses were also substantially inflated by fabricated transactions during this period." *Id.*

On this news, Luckin ADSs plummeted $19.80 per ADS, or approximately 75.6%, to close at $6.40 per ADS on April 2, 2020. *Id.*, at ¶66.

## ARGUMENT

### I.    The Court Should Appoint Mr. Zuo as Lead Plaintiff.

#### A.    The Procedure Required by the PSLRA

The PSLRA established a procedure governing the appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) & (a)(3)(B)(i).

*First*, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice (*i.e.*, today, April 13, 2020), any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) & (B).

*Second*, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the members of the class the Court determines to be most capable of adequately representing the interests of

class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that (aa) has either filed the complaint or made a motion in response to a notice . . . (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

**B.      Mr. Zuo Has Timely Moved for Lead Plaintiff Appointment**

Pursuant to the provisions of the PSLRA and within the required time frame after publication of the notice, Mr. Zuo timely moves this Court to be appointed as Lead Plaintiff on behalf of all members of the class. Mr. Zuo has signed a certification pursuant to the PLRSA. *See* Block Decl.,[2] Ex. E. He has selected and retained qualified counsel to represent him and the proposed class. *See* Block Decl. Ex. G.

**C.      Mr. Zuo Has the Largest Financial Interest in the Relief Sought by the Class**

During the Class Period, as evidenced by, among other things, Proposed Lead Plaintiff's accompanying signed certification and loss chart, Mr. Zuo incurred a substantial loss of approximately $1,282,689.08 on his class period transactions in Luckin securities. *See* Block Decl., Exs. E, F. These losses are calculated using a "Last In First Out" methodology.  At the time of this filing, Proposed Lead Plaintiff believes that he possesses the largest financial interest of any movant seeking lead plaintiff status.

**D.      Mr. Zuo Otherwise Satisfies Rule 23**

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C.

---

[2] References to the "Block Decl." are to the Declaration of Jeffrey C. Block, filed contemporaneously herewith.

§78u4(a)(3)(B)(iii)(I)(cc). "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (citation omitted). "'Typicality "requires that the claims of the class representatives be typical of those of the class and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id*. at 173-74 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(3). "'The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class....'" *Sgalambo*, 268 F.R.D. at 174 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(4).

Here, Proposed Lead Plaintiff's claims are typical because, like all members of the class, he purchased or otherwise acquired Luckin securities during the Class Period at prices artificially inflated by Defendants' wrongful conduct and suffered damages as a result thereof. Mr. Zuo's claims therefore arise from the same course of events as all class members and will require similar (if not identical) legal arguments to prove Defendants' liability.

Proposed Lead Plaintiff is also an adequate representative for the proposed class. His substantial financial interests in the outcome of the action demonstrates that his interests are aligned with those of the class. Furthermore, as detailed in his Declaration, Mr. Zuo is a former executive of Alibaba Group Holding Ltd., with experience with the operations of public companies, including companies that operate in China. *See* Block Decl., Ex. D at ¶3. And, Mr. Zuo has selected highly experienced counsel committed to zealously and efficiently prosecuting

these actions to a successful conclusion. *See* Block Decl. Ex. G. Thus, Proposed Lead Plaintiff satisfies the adequacy requirements of Rule 23(a)(4).

Because Mr. Zuo is the presumptive "most adequate plaintiff" under the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), and no competing movant can rebut that presumption, the Could should appoint him Lead Plaintiff.

## II.   The Court Should Appoint Proposed Lead Plaintiff's Choice of Counsel

Under the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. 15 U.S.C. § 78u-4(a)(3)(B)(v). Proposed Lead Plaintiff has selected Block & Leviton, a firm with substantial experience in the prosecution of shareholder and securities class actions to serve as lead counsel. Block Decl. Ex. G. As recently noted by one district court:

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation*, (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.* (Del. Ch. Ct.), and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation (N.D. Cal.)*. I find the experience garnered from such representations will benefit the shareholder in this suit.

*Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG (D.N.J. 2018) (ECF No. 21).

Accordingly, the Court should approve Proposed Lead Plaintiff's selection of Block & Leviton as lead counsel.

## CONCLUSION

For the foregoing reasons, Mr. Zuo respectfully requests that the Court: (i) appoint Mr. Zuo as Lead Plaintiff in the Action; (ii) approve his selection of Lead Counsel as set forth herein; (iii) consolidate the other securities fraud class action lawsuit against Luckin Coffee Inc. filed in this

district under the above-captioned docket; and (iv) grant such other relief as the Court may deem just and proper.

Dated: April 13, 2020                                    Respectfully submitted,

                                                         /s/ Jeffrey C. Block
                                                         Jeffrey C. Block
                                                         Jacob A. Walker, *pro hac vice* to be filed
                                                         Stephen J. Teti, *pro hac vice* to be filed
                                                         **BLOCK & LEVITON LLP**
                                                         155 Federal Street, Suite 400
                                                         Boston, MA 02110
                                                         (617) 398-5600 phone
                                                         (617) 507-6020 fax
                                                         jeff@blockesq.com
                                                         jake@blockesq.com
                                                         steti@blockesq.com

                                                         *Attorneys for Mr. Zuo and*
                                                         *Proposed Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

*/s/ Jeffrey C. Block*
Jeffrey C. Block